

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 1, 2014**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ROBERT LEWIS ADKINS, SR., | § | Case No. 12-10314-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| MCLOBA PARTNERS, LTD. | § | |
| dba U.S. GOLD FIRM, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Adversary No. 13-01001-RLJ |
| | § | |
| ROBERT LEWIS ADKINS, SR., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, McLoba Partners, Ltd. d/b/a U.S. Gold Firm ("McLoba"), filed its motion for summary judgment [Docket No. 24] in the above-styled adversary proceeding. Defendant, Robert L. Adkins, Sr., filed his response opposing the motion [Docket No. 31].

The Court has jurisdiction over the issues raised here under 28 U.S.C. §§ 1334(b) and 157(a) and (b).

## BACKGROUND

While this adversary arose in the personal bankruptcy case of Adkins, there are also two associated cases: Adkins Supply, Inc. [Case No. 11-10353] and R.L. Adkins Corp. [Case No. 11-10241]. McLoba filed this adversary for determination of the dischargeability of its claim against Adkins. McLoba asserts that the dispositive question here—whether its claim, i.e., the debt in question, arose from false pretenses, a false representation, and/or actual fraud—has been previously litigated in state court, and accordingly, no issue of fact remains and the debt must be determined non-dischargeable upon the application of collateral estoppel.

Adkins and his two companies entered into a series of loans with McLoba in 2010, which ultimately led to approximately $2 million being advanced by McLoba. *See* Pl.'s App. in Supp. of Pl's Mot. For Summ. J. on Grounds of Collateral Estoppel, Ex. D. A portion of the loans were repaid, but the remainder was not. *Id.* Another note was signed to cover the outstanding past-due balance, but this note eventually went into default as well. *Id.*

McLoba filed a lawsuit against Adkins in the 343rd District Court of San Patricio County, Texas. *See* Def.'s App. Related to Resp. to Mot. For Summ. J., Ex. A. Adkins filed an answer in the case through his attorney in the state court litigation. *See* Pl.'s App., Ex. B; Def.'s App., Ex. B. McLoba eventually filed an amended petition and simultaneously moved for summary judgment in the state court action. *See* Pl.'s App., Ex. C–D; Def.'s App., Ex. C–D.

The amended petition contained the first reference to the loans being obtained through false pretenses, a false representation, and/or actual fraud.

The state court issued an order that the summary judgment would be considered on briefing alone. *See* Pl.'s App., Ex. E; Def.'s App., Ex. E. McLoba's summary judgment evidence included the affidavit of Che Goff, the Chief Operating Officer of McLoba, and a promissory note signed by Adkins. Adkins did not respond to the state court motion for summary judgment.

The state court entered a judgment granting McLoba's motion for summary judgment in March 2012. *See* Pl.'s App., Ex. G; Def.'s App., Ex. F.

Adkins filed his chapter 7 bankruptcy on October 29, 2012. On January 30, 2013, McLoba filed this adversary seeking a denial of Adkins's discharge under § 523(a)(2).

## DISCUSSION

### 1. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). On a summary judgment motion, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255. A factual dispute bars summary judgment when the disputed fact is determinative under governing law of the issue before the court. *Id.* at 250. The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows

that there is no genuine issue of material fact. *Celotex*, 477 U.S. at 322. The respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

### 2. Collateral Estoppel

Collateral estoppel prevents relitigation of any "ultimate issue of fact actually litigated and essential to the judgment in a prior suit." *Tarter v. Metro. Sav. & Loan Ass'n*, 744 S.W.2d 926, 927 (Tex. 1988). The United States Supreme Court has held that collateral estoppel is applicable to dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279 (1991). When a prior judgment arises in state court, it is the law of collateral estoppel in that state that governs its preclusive effect; accordingly, the Court must apply Texas state law to determine the effect of the state court judgment in this adversary proceeding. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir. 2006).

A party seeking to utilize collateral estoppel must show that "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984). An "ultimate issue of fact" consists of "those factual determinations submitted to a jury that are necessary to form the basis of a judgment," and does not refer to "a cause of action or claim." *Tarter*, 744 S.W.2d at 927–28.

An issue is "fully and fairly litigated" when a properly raised issue is submitted for determination and is in fact determined. *In re Garner*, 56 F.3d 677, 680 (5th Cir. 1995)

(applying Texas law); *see* Restatement (Second) of Judgments, § 27 cmt. d (1982). In applying collateral estoppel to a post-answer default judgment, such as is before the Court here, the judgment cannot be based on the pleadings alone, as would occur in a standard default judgment; instead the plaintiff must "offer evidence and prove his case" for collateral estoppel to preclude relitigation. *Id.* Collateral estoppel is not appropriate in a post-answer default judgment if there is no indication that the plaintiff met its burden of proof. *See In re Flores*, 2010 WL 2010889, No. 09-01009 (Bankr. S.D. Tex. May 14, 2010) (A state court judgment incorrectly stated that the court had heard evidence and arguments prior to rendering judgment. The state court had, however, issued a default judgment before a hearing, and the only evidence submitted to the court was on damages. Accordingly, collateral estoppel was not appropriate because the court had not considered any evidence on liability.).

While Adkins asserts *Flores* is "practically identical" to the case at hand, the facts in the present case are distinguishable from those in *Flores*. Both state court judgments were post-answer default judgments, but here, the state court did have evidence of liability before it—the Goff affidavit and the note signed by Mr. Adkins—whereas the *Flores* state court only had evidence of damages. The Court finds that the state court judgment against Adkins was fully and fairly litigated. It is clear to the Court that the parties were adversaries in the state court judgment and that the issues here were essential to the first judgment.

Upon consideration of the pleadings, briefs in support, and the accompanying summary judgment evidence, the Court concludes that partial summary judgment is appropriate based on collateral estoppel. The Court has specifically reviewed the judgment and supporting evidence for each element of dischargeability. The Court finds that the elements of collateral estoppel are satisfied for each element of a § 523(a)(2) dischargeability action, save one. The state court

evidence and judgment are silent as to McLoba's reasonable reliance on the false pretenses, false representations, and/or actual fraud used to obtain the loans. While it may be a simple matter to prove this element, as McLoba suggests in its reply brief, the Court does not believe it is appropriate to infer this element for purposes of summary judgment. Accordingly, collateral estoppel bars relitigation of all the elements except reasonable reliance.

THEREFORE, summary judgment is GRANTED on all the elements of a § 523(a)(2) dischargeability action except reliance, and summary judgment is DENIED as to the ultimate issue of fact regarding reasonable reliance.

SO ORDERED.

### End of Memorandum Opinion and Order ###