

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK

THE DATE OF ENTRY IS

ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 22, 2014**

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

|  |  |  |
|---|---|---|
| In re: | § | |
| | § | |
| ROBERT LEWIS ADKINS, SR., | § | Case No.  12-10314-RLJ-7 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| _____ | § | _____ |
| | § | |
| MCLOBA PARTNERS, LTD. | § | |
| dba U.S. GOLD FIRM, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Adversary No. 13-01001-RLJ |
| | § | |
| ROBERT LEWIS ADKINS, SR., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Robert L. Adkins, Sr., defendant, filed his motion seeking reconsideration of the partial summary judgment issued by the Court in favor of McLoba Partners, Ltd., plaintiff.  McLoba opposes the motion.

### Background

McLoba filed this adversary proceeding on January 30, 2013 against Adkins seeking a determination that unpaid loans are nondischargeable under § 523(a)(2)(A) of the Bankruptcy Code. McLoba moved for summary judgment on the claims at issue and argued that the Court should grant preclusive effect to a state court judgment declaring that Adkins obtained the loans by means of false pretenses, false representation, and/or actual fraud.  *Brief in Support of Plaintiff McLoba Partners Motion for Summary Judgment* [Doc. No. 25] at 6.  Adkins responded, contending that collateral estoppel did not apply because the issues were not "actually litigated."  *Defendant's Brief in Support of Response to Summary Judgment* [Doc. No. 32] ¶ 14.  The summary judgment evidence of the parties consists of the portions of the state court record that supported the judgment there, including the affidavit of McLoba's Chief Operating Officer, Che Goff; and McLoba's proof of claim that was filed in Adkins's bankruptcy case.

(1) <u>The Memorandum Opinion and Order</u>

By its *Memorandum Opinion and Order* [Doc. Nos. 35 and 36], the Court granted partial summary judgment in favor of McLoba on each of the elements of a § 523(a)(2)(A) dischargeability determination, save reliance.[1]  In doing so, the Court concluded that there was enough evidence to warrant a determination that the issues were "fully and fairly litigated."  Adkins then filed the motion to reconsider.  *Bob Adkins' Motion to Reconsider August 1, 2014 Memorandum Opinion and Order* [Doc. No. 39].

---

[1]Reasonable reliance, the state-law standard, is not required to satisfy nondischargeability on a fraud cause of action. Justifiable reliance is enough.  *Field v. Mans*, 516 U.S. 59, 61 (1995).

(2) <u>Standard on Motion for Reconsideration</u>

When a motion for reconsideration is filed within fourteen days of the order of which the party complains, it is treated as a Federal Rule of Civil Procedure 59(e) motion. *See Stangel v. U.S. (In re Stangel)*, 68 F.3d 857, 859 (5th Cir. 1995). Rule 59(e) is made applicable to bankruptcy cases via Federal Rule of Bankruptcy Procedure 9023. A Rule 59(e) motion requests the court to alter or amend a judgment.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A successful motion to alter or amend a judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (internal quotation marks omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citation omitted). Manifest error is defined as follows:

> "Evident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence." *In re Good*, No. 08–40955, 2009 WL 1024651, at *5 (Bankr. E.D. Tex. Apr. 13, 2009) (quoting *Bank One, Tex., N.A. v. F.D.I.C.*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998)). Black's Law Dictionary defines manifest error as "plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." BLACK'S LAW DICTIONARY 653 (7th ed. 1999).

*In re Energy Partners, Ltd.*, No. 09-32957, 2009 WL 2970393, *6 (Bankr. S.D. Tex. Sept. 15, 2009).

(3) <u>Application of Collateral Estoppel</u>

As Adkins has asked the Court to reconsider its holding, it is important to revisit the authority of the bankruptcy court to apply collateral estoppel from a prior state court judgment.

Collateral estoppel prevents relitigation of any "ultimate issue of fact actually litigated and essential to the judgment in a prior suit." *Tarter v. Metro. Sav. & Loan Ass'n*, 744 S.W.2d 926, 927 (Tex. 1988). Given that the judgment against Adkins was entered in a Texas state court, Texas law is the applicable law for collateral estoppel. *See Pancake v. Reliance Ins. Co. (In re Pancake)*, 106 F.3d 1242, 1244 (5th Cir. 1997). To obtain collateral estoppel, the moving party must show that "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984). An issue is "fully and fairly litigated" when a properly raised issue is submitted for determination and is in fact determined. *Garner v. Lehrer (In re Garner)*, 56 F.3d 677, 680 (5th Cir. 1995), *abrogated on other grounds by In re Caton*, 157 F.3d 1026, 1030 n.18 (5th Cir. 1998). As the Court noted in the Memorandum Opinion and Order, "[a]n 'ultimate issue of fact' consists of 'those factual determinations submitted to a jury that are necessary to form the basis of a judgment,' and does not refer to 'a cause of action or claim.'" *Tarter*, 744 S.W.2d at 927–28.

In *Simpson v. Shuler (In re Shuler)*, the Fifth Circuit held that in applying collateral estoppel to a state court judgment, "[t]hose facts that were actually litigated and necessary to the decision in the court that rendered the judgment, and that are discernible from the record of the case, should not be reopened absent a compelling reason to avoid injustice." 722 F.2d 1253, 1256 (5th Cir. 1984) (quoting *Franks v. Thomason*, 4 B.R. 814, 820–21 (N.D. Ga. 1980)). "The ultimate finding of whether [a debt is nondischargeable, as 'defined' by the bankruptcy law] is solely the province of the bankruptcy court"; as such, the bankruptcy court ultimately decides the dischargeability of the debt, regardless of the disposition of the state court judgment. *Id.* (alteration in original).

**PAGE 4**

The state court judgment here arose from a post-answer default, a situation in which the "defendant has answered but fails to appear for trial." *Garner*, 56 F.3d at 680. In a post-answer default, because the defendant answered the plaintiff's cause of action, the pleadings are at issue and the plaintiff "must *offer evidence* and *prove his case* as in a judgment upon a trial." *Id.* (emphasis added) (citations omitted). Thus, issues are considered fully and fairly litigated when the party seeking collateral estoppel met its evidentiary burden in state court. *See Pancake*, 106 F.3d at 1244. In applying collateral estoppel, the bankruptcy court must investigate the state court record to determine if the moving party proved its case there; if so, the factual issues were fully and fairly litigated. *See id.*

(4) Proof of § 523(a)(2)(A) Causes of Action

The terms for nondischargeability causes under § 523(a)(2)(A)—false pretenses, false representation, actual fraud—are defined in accordance with their common law definitions. *Field*, 516 U.S. at 69. Accordingly, in determining whether collateral estoppel applies, the Court must ensure that the state law elements for the causes of action are not distinct from those needed to prove a nondischargeability action under § 523. In this regard, the elements required to satisfy a fraud finding under § 523(a)(2)(A) are essentially identical to those required by Texas law. To the extent McLoba satisfied a specific element of fraud in state court, the satisfaction of such element should be deemed to have been fully and fairly litigated for purposes of collateral estoppel. For actual fraud, a party must prove that: (1) the debtor made a representation; (2) at the time it was made, the debtor knew it was false; (3) the debtor made the representation with the intention and purpose to deceive the creditor; (4) that the creditor *relied* on such representation; and (5) that the creditor suffered injury as a proximate result of the representation. *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1293 (5th Cir.

1995) (emphasis added) (footnote omitted) (citations omitted); *see Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

The Goff affidavit provided the evidence to support the state court's findings that Adkins obtained the loan by "false pretenses, a false representation, and/or actual fraud, resulting in [the] judgment . . . ." Adkins's Ex. B [Doc. No. 39]. The Goff affidavit offers evidence that Adkins induced McLoba to make the loans by representing that the loans "were to be used … for the purpose of taking discounts on accounts payable owed to third parties by Adkins Supply, Inc., and R.L. Adkins Corp." *Affidavit of Che Goff in Support of Plaintiff's Motion for Summary Judgment* ¶ 5. Goff added that after reviewing documents in the bankruptcy cases of Adkins's two companies, Adkins's "representations regarding the use of the loan proceeds were false, and it is therefore clear that [Adkins] obtained the loans . . . by false pretenses, a false representation, and/or actual fraud." *Id.* ¶ 7.

The summary judgment evidence presented by McLoba here, as carried forward from the state court action, does not prove the five elements of fraud. At most, it supports a finding that the first and fifth elements were satisfied. The evidence does not satisfy the second, third, and fourth elements of fraud. To make a finding regarding these elements, there must be some circumstantial evidence that would aid the Court in making a determination that these elements are met. *See, e.g.*, *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 526–27 (Tex. 1998); *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 613–14 (Tex. App.—Waco 2000). Such evidence cannot be found from the record.

To prove nondischargeability on a theory of "false representation" or "false pretense," the debtor's statement "must have been: (1) [a] knowing and fraudulent falsehood [], (2) describing past or current facts, (3) that [was] relied upon by the other party." *Pentecost*, 44

F.3d at 1292–93 (alteration in original) (quoting *Allison v. Roberts (In re Allison)*, 960 F.2d 481, 483 (5th Cir. 1992)).  Nothing in the state court record indicates that Adkins made a statement respecting past or current facts and which was relied upon by McLoba.  The Goff Affidavit states that Adkins said he would use the funds from the loan "for the purpose of taking discounts on accounts payable owed to third parties by Adkins Supply, Inc., and R.L. Adkins Corp."  *Goff Affidavit* at 1–2.  This statement, however, refers to future events, as it describes what Adkins planned to do with the loan funds.  There is not sufficient evidence from the state court record to support a finding that McLoba proved false pretense and false representation claims.  These issues were not fully and fairly litigated.

## Conclusion

The Court erred in concluding that the elements of McLoba's causes of action under § 523(a)(2)(A) were partially satisfied from the state court judgment that was based on a wholly conclusory statement that Adkins obtained loans from McLoba "by false pretenses, a false representation, and/or actual fraud."  The state court judgment and the record submitted do not prove the underlying elements of such causes.  And thus it does not support the application of collateral estoppel.  *See Shuler*, 722 F.2d at 1257–58; *Tober Saifer Shoe Co. v. Allman (In re Allman)*, 735 F.2d 863 (5th Cir. 1984); *Patino's, Inc. v. Poston (In re Poston)*, 735 F.2d 866 (5th Cir. 1984).

The Court will therefore grant Adkins's motion and will set aside the partial summary judgment.  Summary judgment will be denied.

### End of Memorandum Opinion ###